IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Joseph Gabriel Cobb, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Warden, Perry Correctional Institution, )<br>)<br>Respondent. )<br>_____ ) | C/A No.: 6:17-CV-2755-TLW |

# **ORDER**

Petitioner Joseph Gabriel Cobb, proceeding *pro se* and *in forma pauperis*, filed this action on October 3, 2017, seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1. On January 26, 2018, Respondent filed a Return and Memorandum and a Motion for Summary Judgment. ECF Nos. 22, 23. Subsequently, Petitioner filed responses in opposition to the summary judgment motion. ECF Nos. 27, 29. This matter now comes before this Court for review of the Report and Recommendation (the Report) filed on March 12, 2018, by United States Magistrate Judge Kevin F. McDonald, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), (D.S.C.). ECF No. 30. In the Report, the Magistrate Judge recommends granting Respondent's Motion for Summary Judgment and dismissing the petition. *Id*. On May 3, 2018, Petitioner filed a "Motion for Leave to File an Amended Petition," moving for amendment of his petition and objecting to the Magistrate Judge's conclusion that he is not entitled to equitable tolling. ECF No. 32. This matter is now ripe for disposition.

> In conducting its review, the Court applies the following standard:
>
> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the relevant case law and filings. The Report sets forth the relevant dates related to the one-year statute of limitations and the untimeliness of the Petitioner's filing. ECF No. 30 at 9–11.[1] Further, in the May 3, 2018 filing, Petitioner admits that the petition was filed untimely. ECF No. 32 at 1 (stating that the petition was filed "(109) days past tolled time…."). Based on the outline in the Report, this Court concludes that the Magistrate Judge was correct in determining that the habeas petition was filed 109 days after the time limitation had run.

In the Report, the Magistrate Judge addresses the equitable tolling question, concluding that the record reflects the Petitioner has not stated a reason that equitable tolling applies in this case. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Petitioner states in his May 3, 2018 filing that he is entitled to equitable tolling because

---

[1] These dates will not be repeated here, as they are clearly laid out in the Report.

he suffers from mental deficiencies that left him unable to understand the litigation process; he was in lock up; and he was separated from the prison assistant who assisted him with appellate procedures. ECF No. 32. The Court has carefully reviewed the Report, filings, and case law in connection with this matter, and concludes that, in his May 3, 2018 filing, Petitioner has not stated a basis for equitable tolling of the instant petition or a basis for not accepting the detailed factual and legal analysis by the Magistrate Judge. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (finding that petitioner was not entitled to equitable tolling); *id.* ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (citation and quotation omitted); *id.* ("The fact that an inmate law clerk was assisting in drafting the state petition does not relieve [petitioner] from the personal responsibility of complying with the law."); *id.* ("[E]ven assuming that such a short closing of a prison law library could be considered 'extraordinary,' [petitioner] has not shown how this lack of access caused his delay in filing."). In addition, the Court has reviewed Petitioner's May 3, 2018 filing and, to the extent that Petitioner requests leave to amend his petition, the Court finds that amendment of the petition is futile as it would not cure the untimeliness of the current petition.

Therefore, after careful consideration, the Court **ACCEPTS** the Report, ECF No. 30, and overrules Petitioner's objections, ECF No. 32. Respondent's motion for summary judgment, ECF No. 23, is hereby **GRANTED**, and the petition, ECF No. 1, is **DISMISSED**. Additionally, Petitioner's motion to amend the petition, ECF No. 32, is **DENIED** as amendment would be futile.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of

appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

 <u>s/Terry L. Wooten</u>
Chief United States District Judge

June 22, 2018
Columbia, South Carolina